UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HECTOR VIEYRA-ARREZ, <br><br> Petitioner, <br><br> v. <br><br> ALBERTO GONZALES, <br><br> Respondent. | CASE NO.  C05-730-RSL-JPD <br><br> REPORT AND RECOMMENDATION |

## INTRODUCTION AND BACKGROUND

On April 18, 2005, petitioner Hector Vieyra-Arrez filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, along with a request for a stay of removal.  The habeas petition does not specifically challenge petitioner's final order of removal, but instead seeks a stay of the removal order while petitioner challenges his criminal conviction in the Ninth Circuit Court of Appeals.  (Dkt. #1).  On April 29, 2005, the government responded that it had no objection to a temporary stay, *pendente lite*.  (Dkt. #6).  Accordingly, on May 5, 2005, the Court granted petitioner's request for a stay of removal pending the resolution of the habeas corpus action in this Court.  (Dkt. #8).

On May 18, 2005, respondent filed a Motion to Dismiss for lack of subject matter

REPORT AND RECOMMENDATION
PAGE – 1

jurisdiction. (Dkt. #9). Respondent contends that under Section 106(a) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, enacted on May 11, 2005, this Court no longer has jurisdiction to review any removal order and that exclusive jurisdiction now lies with the Ninth Circuit. Respondent argues that because this Court lacks jurisdiction over any challenge to a final order of removal, it also lacks jurisdiction to enjoin the removal of the petitioner, as he requests. (Dkt. # 9 at 4). Petitioner did not file a response to respondent's motion to dismiss.

After carefully reviewing the entire record, I recommend that petitioner's habeas petition (Dkt. #1) be DENIED and respondent's motion to dismiss (Dkt. #9) be GRANTED.

## JURISDICTION

On May 11, 2005, the President signed into law the REAL ID Act of 2005. Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005)("REAL ID Act"). Under Section 106(a)(1)(B) of the REAL ID Act, two new paragraphs (4 and 5) were added to 8 U.S.C. § 1252(a). Paragraph 5 of 8 U.S.C. § 1252(a) provides:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REAL ID Act § 106(a)(B). This provision explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal entered under the Immigration and Nationality Act. Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is

REPORT AND RECOMMENDATION
PAGE – 2

retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment." REAL ID Act § 106(a).

The REAL ID Act further specifies that if any § 2241 habeas case challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court shall transfer the case (or any part of the case that challenges the order of removal . . .) to the court of appeals." REAL ID Act § 106(c).

The REAL ID Act, however, did not include any change to the stay provision of INA § 242. Therefore, this Court retains jurisdiction to issue a temporary stay of removal during the pendency of the district court proceedings. *Maharaj v. Ashcroft,* 295 F.3d 963 (9th Cir. 2002); *Andrieu v. Ashcroft*, 253 F.3d 477, 479 (9th Cir. 2001)(en banc)(holding that 8 U.S.C. § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal). Once a petition for review is filed, however, exclusive jurisdiction to issue a stay rests with the court of appeals. Because petitioner has already filed a petition for review, this Court is without jurisdiction to further stay his removal.

## CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 15th day of June, 2005.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 3